HANCOCK et al. v. WILSON et al.
(No. 7258.)

(Court of Civil Appeals of Texas. Dallas. Jan. 23, 1915. Rehearing Denied Feb. 27, 1915.)

INSURANCE ⬦55—LIABILITY OF MEMBER OF ASSOCIATION — FRAUDULENT REPRESENTATIONS.

Defendants, who together operated an unincorporated insurance association without any capital, which they knew to be an insolvent concern when they issued its policy to plaintiff, who did not know of its insolvency, but relied upon defendants' representation that they would insure him in a reliable, solvent company, were personally liable for a loss under the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 67–69; Dec. Dig. ⬦55.]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by W. M. Wilson and C. W. Walker against John R. Hancock and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Wood & Wood, of Dallas, for appellants. Claude Westerfeldt, of Dallas, for appellees.

RAINEY, C. J. "This was a suit in the county court at law of Dallas county, Tex., by the appellees, W. M. Wilson and C. W. Walker, against the appellants, John R. Hancock, S. T. Bryant, and F. M. Laughlin, to recover the sum of $400, alleging, as their cause of action: That appellants were agents of the North America Fire Insurance Association, and that on or about August 8, 1911, caused said association to issue a policy covering two small buildings belonging to appellee Wilson for the sum of $400 in favor of said W. M. Wilson, and to appellee C. W. Walker; who held a mortgage on said buildings, as his interest might appear. That said association was insolvent at the time the policy issued, and then known to be so by Han-

cock and Laughlin, and that said Hancock and Laughlin conspired together to insure said property in an insolvent company to defraud appellee out of the premium. That appellee Wilson paid the premium, and one of the buildings burned about October 19, 1911, while the policy was in force. Appellee also sought to make the appellants liable under articles 3093 and 3095 of the Revised Statutes of the state of Texas, alleging that appellants were acting as such agents without first obtaining from the banking and insurance commissioner of Texas a certificate to solicit insurance for such association. It was alleged: That said purported policy, which was purported to be issued by North America Fire Insurance Association of San Antonio, and purported to be signed by S. T. Bryant & Co., as attorney and manager, and by John R. Hancock & Co., as agents, for said company. That said Bryant & Co. was nothing more than a name. That the said defendant Bryant was the whole company, and that the North America Fire Insurance Association was nothing but a name. That said Bryant was the whole company, in connection with said Hancock and Laughlin. That said company was operated in connection with and in conjunction with said John R. Hancock & Co. and F. M. Laughlin. They, all of said defendants, had combined together for the purpose of running a wild-cat irresponsible concern to prey upon the innocent and unsuspecting public. That said concern was run by said S. T. Bryant, in conjunction with said Hancock and Laughlin. When said plaintiffs asked to be insured in a good company, said Laughlin and Hancock deceitfully, fraudulently, wrongfully, and illegally represented unto the said plaintiffs that said company was a good company, meaning a solvent one. In truth and in fact the company he insured said plaintiff in was a wild-cat concern, insolvent, one-man mutual concern, no permit in Texas, no organization, and no assets to do business or pay a loss, and that Laughlin and Hancock with their experience knew same, or could have known by use of reasonable care. Said Hancock and Laughlin further represented that said company was, or led plaintiff to believe, an incorporated regular old-line insurance company, with plenty of assets behind it, and represented same to be good some time after said fire, whereas in truth and in fact said company was a purported mutual company, and plaintiffs were not notified that said company was a mutual company, and that plaintiffs would be governed by certain by-laws, and that they would be called on in case of loss to pay pro rata loss, and did not notify plaintiffs that said $8 was an assessment to pay attorney and cost of running said mutual company, but led them to believe it was a premium. The appellants in their answer denied the charges of fraud and conspiracy, and denied that said association was known

to them or either of them to be insolvent at the time the policy was issued, and denied that they represented it to be solvent, and alleged that the said association was an unincorporated company and carried on by members thereof solely for the protection of their own property and not for profit, or was a purely co-operative interinsurance and reciprocal exchange, and 'that articles 3093 and 3094 of the Revised Statutes have no application. The cause was tried by a jury, and judgment rendered for plaintiffs against the appellants for the sum of $331.65; the two houses having been insured together for $400, and only one having burned."

The evidence establishes the material allegations of plaintiffs' cause of action, and the jury were warranted in finding a verdict against the defendants. It was sufficient to show: That Hancock, Bryant, and Laughlin were acting together in operating the North America Fire Insurance Association, an unincorporated concern, without any capital, which was known to be an insolvent concern by defendants when they issued the policy of insurance to plaintiff. That plaintiff did not know of said concern being insolvent, but relied upon defendants insuring them in a solvent company, as defendants represented they would do. The defendants were experienced insurance men, and the plaintiffs were inexperienced, and knew nothing about insurance contracts, and thought they were getting good insurance in a reliable concern, and relied upon defendants' representations that their property would be insured in a reliable company. Laughlin testified that he thought plaintiffs were insured in a different concern. He was the main actor in the transaction, and should have known in what company the insurance was placed.

Taking the whole evidence, we think an equitable judgment was rendered, and it is affirmed.